UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOSHUA KLIPP,<br><br>　　　　Defendant. | No. 2:14-cr-00107-GEB<br><br>**ORDER REGARDING DEFENDANT'S IN CAMERA SEALING REQUEST CONCERNING MENTAL HEALTH AND OTHER HEALTH DOCUMENTS ASSERTED TO BE RELEVANT TO THE JUDICIAL SENTENCING DECISION** |

On August 10, 2016, Defendant Joshua Klipp emailed chambers an in camera request to have filed under seal the following documents identified in the public notice of the sealing request:

　　1. A report from Rahn Minagawa, Ph.D., dated November 15, 2015 – Exhibit "A."

　　2. A portion of Mr. Klipp's medical records from the Sacramento County Jail – Exhibit "B."

　　3. A report from Rahn Minagawa, Ph.D. dated February 21, 2016 – Exhibit "C."

　　4. A report from Charles Flinton, Ph.D., dated July 23, 2016 – Exhibit "D."

(Notice of Req. to Seal Docs.("Notice"), ECF No. 55.)

Defendant makes the conclusory argument in his public notice: "The above-referenced documents are sought to be sealed since they contain highly personal and confidential information

1

and . . . confidential and medically protected diagnoses and opinions[; and Defendant contends d]isclosure of this information would violate the confidentiality the law provides relative to medical diagnoses and opinions." (Id. at 2:11-14). Defendant's proposed sealing order submitted for in camera consideration states in pertinent part: "upon a proper showing made which is required by applicable law, and GOOD CAUSE APPEARING," the documents are sealed.

Defendant's proposed order and his conclusory justifications for sealing and secrecy do not explain whether any of the referenced sentencing information he seeks to have sealed could be discussed in a publicly filed sentencing brief, and in a courtroom open to the public during the impending sentencing hearing. Generally, the public is not excluded from "sentencing proceedings." United States v. Rivera, 682 F.3d 1223, 1228 (9th Cir. 2012). This openness is generally understood because as the Ninth Circuit states in Rivera, the values fostered by "the Sixth Amendment['s] refer[ence] to a 'public trial,' . . . encompasses more than the trial itself," and "apply with as much force to sentencing proceedings." Id. The Ninth circuit further states in Rivera, at the time of sentencing, "the judge and prosecutor continue to bear grave responsibilities, both to the accused and to the broader community . . . ." Id. It should be evident that the public's interest in monitoring the work of the courts could be subverted if a court decides significant sentencing issues in secrecy without a recognized basis for that secrecy.

To justify sealing, redaction and/or closure of a

sentencing proceeding, the proponent of secrecy must "articulate[] compelling reasons [justifying secrecy, which are] supported by [facts sufficient to constitute] specific factual findings." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). "In appropriate circumstances, privacy interests may [be shown to justify secrecy; h]owever, a formulaic recitation of such an interest will not suffice to justify sealing. Rather, 'sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.'" United States v. Strevell 2009 WL 577910, at *5 (N.D.N.Y., Mar. 4, 2009, No. 05-CR-477(GLS))(citing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir.2006). "As to narrowness, judicial documents should be sealed in their entirety only if necessary." Id.; United States v. King, No. 10 CR 122 JGK, 2012 WL 2196674, at *4 (S.D.N.Y. June 15, 2012) (denying defendant's request to file under seal "records relate[d] to medical conditions that the Court ha[d] been asked to consider in arriving at the sentence . . . [that were] neither extensive, nor . . . delve[d] into extraneous matters"); see United States v. Sattar, 471 F. Supp. 2d 380, 388 (S.D.N.Y. 2006) (indicating that when applying the presumptive common law right of access to a psychiatric report submitted to influence a judge's sentencing decision, an evaluation is involved concerning whether "the interests of personal privacy . . . are sufficiently compelling to overcome the presumption of access").

"When ruling on a motion to seal court records, the

3

district court must balance the competing interests of the public and the party seeking to seal judicial records." In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig., 686 F.3d 1115, 1119 (9th Cir. 2012) (internal citations and quotation marks omitted); see also PCT Int'l Inc. v. Holland Elecs. LLC, No. CV-12-01797-PHX-JAT, 2014 WL 4722326, at *5 (D. Ariz. Sept. 23, 2014) ("[T]he Court has an independent duty to follow the binding [secrecy and sealing] law of the Ninth Circuit Court of Appeals, [and] the Court [should] not permit sealed documents absent the requisite showing [under a sealing doctrine]."). **To seal records, the district court must "articulate[] compelling reasons supported by specific factual findings" to seal, "without relying on hypothesis or conjecture**." Foltz, 331 F.3d at 1135 (emphasis added) (citations and internal quotation marks omitted). "Unless a particular court record is one traditionally kept secret, a strong presumption [exists] in favor of [public] access [to the record; a] party seeking to seal a judicial record [therefore] bears the burden of overcoming this strong presumption by meeting the compelling reasons standard." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations and quotation marks omitted). "[T]he weight to be given the presumption of access [is] governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." IDT Corp. v. eBay, 709 F.3d 1220, 1224 (8th Cir. 2013) (internal citations and quotation marks omitted).

Defendant's conclusory argument that the referenced

exhibits "contain highly personal and confidential information and . . . confidential and medically protected diagnoses and opinions," (ECF No. 55:2:11-13), does not provide sufficient sealing justification. Further, the nature of the sealing order Defendant seeks is mystifying since parts of his Sentencing Memorandum/Formal Objections appears to contain information from the documents he argues is confidential and should be sealed.

Since Defendant has not justified his sealing request, it is denied. Therefore, the documents submitted for sealing are treated as having been returned to Defendant so that he can decide how to proceed in light of this ruling. See generally E.D. Cal. L.R. 141(e)(1) (prescribing that if a sealing "[r]equest is denied in full or in part, the Clerk will return to the submitting party the documents for which sealing has been denied"); United States v. Big Leggins, 375 F. App'x 692, 693 (9th Cir. 2010) (indicating that the district court had authority to issue the directive that defendant "could either withdraw the report or resubmit it in redacted form"); United States v. Baez-Alcaino, 718 F. Supp. 1503, 1507 (M.D. Fla. 1989) (indicating that when a judge denies a sealing request the party submitting the request then decides how to proceed in light of the ruling).

Dated: August 12, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

5