PHILLIP A. TALBERT
Acting United States Attorney
ANDRÉ M. ESPINOSA
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
(916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:14-CR-0107-GEB |
| Plaintiff, | **STIPULATION AND PROPOSED ORDER VACATING RESTITUTION HEARING SCHEDULED FOR DECEMBER 2, 2016** |
| v. | |
| JOSHUA LANDON KLIPP, | Date: December 2, 2016 |
| Defendant. | Time: 10:00 a.m. |
| | Court: Hon. Garland E. Burrell, Jr. |

**STIPULATION**

The United States of America, by and through its counsel of record, and defendant Joshua Landon Klipp ("Defendant"), by and through his counsel of record, hereby stipulate as follows:

1. On or about April 17, 2014, a grand jury empaneled in the Eastern District of California returned an Indictment that charged Defendant with Production of Child Pornography, in violations of 18 U.S.C. § 2251(a) and (e) (Count One); six counts of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2) (Counts Two through Seven); and Commission of a Felony Offense Involving a Minor when Required to Register as a Sex Offender, in violation of 18 U.S.C. § 2260A (Count Eight).

2. On or about March 11, 2016, Defendant pled guilty, pursuant to a written plea agreement, to Counts One and Five of the Indictment, which charged him with Production of Child

Pornography, in violations of 18 U.S.C. § 2251(a) and (e) (Count One) and Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2) (Counts Five).

3. On or about September 9, 2016, the Court sentenced Defendant to concurrent 300-month terms of imprisonment on each of Counts One and Five, to be followed by life terms of supervised release on each Count. After imposing sentence, the Court scheduled a restitution hearing in this matter for December 2, 2016, at the parties' request.

4. Under the Mandatory Restitution for Sex Crimes portion of the Violence Against Women Act of 1994, the Court must order restitution for child pornography offenses. 18 U.S.C. § 2259(a). Restitution is mandatory in child pornography cases to any person "harmed as a result of" a defendant's crime. *See* 18 U.S.C. § 2259(a), (c). Restitution is required for "the full amount of the victim's losses," including any costs incurred by the victim for: (A) medical services relating to physical, psychiatric, or psychological care; (B) physical or occupational therapy or rehabilitation; (C) necessary transportation, temporary housing, and child care expenses; (D) lost income; (E) attorneys' fees, as well as other costs incurred; and (F) any other losses suffered by the victim as a proximate result of the offense. *See* 18 U.S.C. § 2259(b)(3).

5. In 2014, the United States Supreme Court determined that the plain language of Section 2259 limits restitution only to those losses proximately caused by an individual defendant's conduct. *See Paroline v. United States*, —U.S. —, 134 S.Ct. 1710, 1720-22 (2014). The Court rejected the victim's proposed approach – that each possessor should be liable for her entire losses – but also rejected a strict "but-for" causation requirement. *Id.* at 1725-1727. Instead, the Court held that where it can be shown that (a) the defendant possessed a victim's images and (b) the "victim has outstanding losses caused by the continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant," a district court "should order restitution in an amount that comports with the defendant's relative role in the causal process underlying the victim's general losses." *Id.* at 1727. In other words, the Court rejected requiring the government to prove that a victim would not have suffered harm "but for" the particular conduct of

an individual defendant, overruling the strict standard established by the Ninth Circuit in *United States v. Kennedy*, 643 F.3d 1251, 1262-63 (9th Cir. 2011) (holding that although the "defendant's conduct need not be the sole cause of the loss, it must be a material and proximate cause, and any subsequent action that contributes to the loss, such as an intervening cause, must be directly related to the defendant's conduct").

6. The Court explained that in a case such as *Paroline*, where the defendant was convicted of possessing a number of images, two of which depicted the victim "Amy," the ultimate amount "would not be severe . . . given the nature of the causal connection between the conduct of a possessor like the defendant in *Paroline* and the entirety of the victim's general losses from the trade in her images, which are the product of the acts of thousands of offenders." *Paroline*, 134 S.Ct. at 1727. However, the Court also stated that the award should not be "a token or nominal amount." *Id.* The Court held that district courts should use "discretion and sound judgment" in determining the proper amount of restitution, as it cannot be a precise mathematical inquiry. *Id.* at 1728. A variety of factors may serve as rough guideposts, but the Court declined to articulate a "precise algorithm" for determining the proper restitution amount at this point in the law's development, particularly any algorithm that would result in "trivial restitution orders." *Id.*

7. Rather, the Court suggested that district courts first "determine the amount of the victim's losses caused by the continuing traffic in the victim's images," then "set an award in consideration of factors that bear on the relative causal significance of the defendant's conduct in producing those losses." *Id.* at 1728. Pertinent factors could include (a) the number of past defendants contributing to the victim's general losses; (b) reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to those losses; (c) any available and reasonably reliable estimate of the broader number of offenders (including those never apprehended) involved; (d) whether the defendant reproduced or distributed images of the victim; (e) whether the defendant had any connection to the initial production of the images; (f) how many images of the victim the defendant possessed; and (g) other facts relevant to the defendant's relative

causal role. *Id.*

8. On November 4, 2015, the Ninth Circuit clarified *Paroline* in *United States v. Galan*, 804 F.3d 1287 (2015). *Galan* imposed a loss disaggregation requirement before restitution may be awarded, and held that: "distributors and possessors of child pornography cannot be ordered to pay restitution to their victims without the Government first disaggregating the harms caused by these individuals from the harms caused by the so-called 'original abuser.'" *See United States v. Chan*, 2016 WL 370712, at *1 (D. Haw. Jan. 26, 2016) (citing *Galan*, 804 F.3d at 1291). In arriving at its holding, the *Galan* panel acknowledged the extraordinary difficulty associated with such disaggregation: "We have no illusion that the task will be easy ... we can only say that precision is neither expected nor required." *Galan*, 804 F.3d at 1291.

9. After the disaggregation required under *Galan* is complete, and the district court knows the loss amount attributable to the distributors and possessors, it may apply the *Paroline* factors to determine the proper restitution amount due to the victim. *Galan* at 1289, n. 10. It is the government's burden to prove, by a preponderance of the evidence, the loss amounts the original abuser caused the victim. 18 U.S.C. § 3664(e).

10. While this matter was pending, no victim of Defendant's offenses submitted a request for restitution to the government. However, before sentencing, investigators contacted at least one such victim and inquired whether that victim planned to seek restitution. Representatives of that victim did not provide a final determination about the victim's intentions before the sentencing date in this matter. Thus, at sentencing the government sought a restitution hearing to permit that victim additional time to decide whether to request restitution and, if so, to prepare such a request. After the Court imposed sentence in this matter, representatives of that victim informed the government that the victim declined to seek restitution.

11. Accordingly, the parties stipulate and agree that, because no victim has requested restitution, the Court should not order restitution and should vacate the restitution hearing currently scheduled for December 2, 2016.

Dated: November 16, 2016                        Respectfully Submitted,

                                                        PHILLIP A. TALBERT
                                                       Acting United States Attorney

By:

                                                       */s/ André M. Espinosa*
                                                       ANDRÉ M. ESPINOSA
                                                       Assistant U.S. Attorney


Dated: November 17, 2016                         */s/ Jan D. Karowsky*
                                                       JAN D. KAROWSKY
                                                     Attorney for Defendant


    For the reasons set forth in the parties' stipulation and for good cause shown, the restitution hearing currently scheduled for December 2, 2016, is **VACATED**.

**IT IS SO ORDERED.**

Dated:  November 17, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge