UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>JOSHUA LANDON KLIPP,<br><br>Movant. | No. 2:14-cr-0107 GEB KJN P<br><br><br><br>ORDER |

Movant is a federal prisoner, proceeding without counsel, with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On July 6, 2018, movant filed a motion for extension of time in which to respond to the pending order to show cause, and a motion for appointment of counsel. As discussed below, the motion for extension of time is granted, and the motion for appointment of counsel is denied.

Conditions of Confinement

In his motions, movant raises allegations unrelated to his pending motion to vacate his conviction, concerning various alleged violations of his civil rights at the U.S. Penitentiary in Tucson, Arizona. Movant claims that he was placed in the Security Housing Unit ("SHU") without a hearing, in violation of his due process rights. He also alleges that at some point all of his medications were taken from him, which he claims is life threatening because "it will cause . . . another massive GI bleed and [he] could die," and it is dangerous for him not to have his mental

1

health medications. (ECF No. 119 at 1.) However, it is unclear whether such medications were withdrawn prior to his placement in the SHU, or upon his release from the SHU.

Nevertheless, the instant action solely pertains to the challenge to his federal conviction. If movant wishes to challenge the conditions of his confinement, he must file a civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), in the United States District Court for the District of Arizona, 405 W. Congress Street, Suite 1500, Tucson, Arizona 85701-5010.[1]

<u>Motion for Extension of Time</u>

Movant seeks an additional 180-days in which to respond to the order to show cause. However, the undersigned finds that movant has demonstrated good cause for his delay in filing an opposition to the pending motion to dismiss. Movant was housed in the SHU and lost access to his legal materials for an extended period of time. Therefore, the order to show cause is discharged.

It appears movant needs additional time to oppose respondent's motion to dismiss, which was filed on April 24, 2018. Movant claims he was only provided some of his legal materials upon his release from the SHU, and insists he needs an extension of 180 days. However, movant also claims that in May of 2018, his response was ready to file, but the person who is his legal aid has possession of all movant's § 2255 material and response. Movant discusses his inability to get the response from the aid in May of 2018 due to an impending attack, but he sets forth no further details as to any additional efforts he may have taken to obtain his materials from the aid. (ECF No. 120 at 4.)

Movant is admonished that it is his responsibility to maintain control of his legal materials and to meet his court deadlines. As the undersigned previously noted, parties are generally allowed two extensions of time, usually for a maximum of 60 days. (ECF No. 113 at 2.) Thus, movant's request for an additional six months is denied. But, under the circumstances, movant is granted a ninety-day extension of time in which to file an opposition. Movant is cautioned that

---

[1] It appears movant is already aware of this procedure because he refers to a lawsuit over being denied medical care in 2017. (ECF No. 120 at 10.)

failure to file an opposition to the pending motion to dismiss will result in a recommendation that his § 2255 motion be dismissed.

Motion for Appointment of Counsel

Movant has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in § 2255 proceedings. See, e.g., Irwin v. United States, 414 F.2d 606 (9th Cir. 1969). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2255 Proceedings. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Movant's request for extension (ECF No. 119) is granted;

2. Movant shall file his opposition within ninety days from the date of this order; and

3. Movant's requests for appointment of counsel (ECF No. 118, 120) are denied without prejudice.

Dated: July 11, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/klip0107.eot2