UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>JOSHUA LANDON KLIPP,<br><br>Movant. | No. 2:14-cr-0107 GEB KJN P<br><br>ORDER |

Movant is a federal prisoner, proceeding without counsel, with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant has filed a second request for extension of time, and renewed his request for appointment of counsel. As discussed below, movant's request for extension of time is premature, and his motion for appointment of counsel is denied.

Background

On April 24, 2018, respondent filed a motion to dismiss. On May 29, 2018, the undersigned ordered movant to show cause why the motion should not be granted in light of movant's failure to file an opposition. Subsequently, movant filed a motion for appointment of counsel and a motion for a 180-day extension of time in which to file an opposition. On July 11, 2018, the motion for appointment of counsel was denied, the motion for extension of time was partially granted, and movant was directed to file an opposition within 90 days. Movant was

1

informed that it is his responsibility to maintain control of his legal materials and to meet his court deadlines, and that generally, parties are only granted a maximum of 60 days in which to oppose motions. In addition, movant was informed that the instant action proceeds solely in connection with his challenge to his federal conviction, and that any challenge to the conditions of his confinement must be raised in a civil action filed in Tucson, Arizona. (ECF No. 121 at 2.)

Motion for Second Extension

Despite the court's specific instructions, in his current motion, plaintiff again raises numerous allegations concerning his conditions of confinement, unrelated to the filing of his opposition to the pending motion to dismiss. Plaintiff claims he was denied his legal property for over a month and a half, but fails to explain any efforts made to prepare his opposition during the pendency of the motion, filed in April, particularly in light of his earlier claim that his response was ready to file in May of 2018. (See ECF No. 121 at 2.) Movant complains of a lack of paper and pen or pencil, yet he was able to file a 28-page motion, as well as a second two-page motion. (ECF Nos. 122 & 123.) Movant argues that he has only received one extension of time, and that respondent was granted two extensions of time.

Conditions of Confinement

As the undersigned previously explained, this court does not have jurisdiction to address movant's medical complaints, or his other allegations concerning his conditions of confinement, including his new request that the court enjoin his alleged pending transfer. Rather, movant must raise such allegations in a civil complaint filed in the U.S. District Court in Tucson. Movant shall refrain from raising such allegations in any further filings unless specifically relevant to the instant action. Because his requests related to conditions of confinement are improperly filed in this action, such requests are denied without prejudice to movant seeking relief on such claims in a civil action filed in the United States District Court in Tucson.

Second Request for Extension of Time

The instant action solely pertains to movant's federal criminal conviction. Movant seeks to vacate or set aside his guilty plea made in open court during his change of plea hearing on March 11, 2016. (ECF No. 44; see also No. 46 (plea agreement)). Respondent's motion to

dismiss was filed on April 24, 2018; thus, movant's opposition was initially due on May 15, 2018. L.R. 230(l). On May 29, 2018, movant was ordered to show cause why the motion should not be granted, but movant was also granted thirty days in which to file an opposition. (ECF No. 117 at 1.) On July 11, 2018, movant was granted an additional 90 days in which to file an opposition. Because movant is not required to file his opposition until October 9, 2018, his request for a second extension of time is premature and is denied.

Motion for Appointment of Counsel

Movant has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in § 2255 proceedings. See, e.g., Irwin v. United States, 414 F.2d 606 (9th Cir. 1969). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2255 Proceedings. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Movant's requests related to his conditions of confinement (ECF Nos. 122, 123) are denied without prejudice;

2. Movant's request for extension (ECF No. 122) is denied as premature;

3. Pursuant to the July 11, 2018 order, movant's opposition is due on or before October 9, 2018; and

4. Movant's request for appointment of counsel (ECF No. 122) is denied without prejudice.

Dated: August 14, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/klip0107.eotp