UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:14-cr-0107 TLN KJN P |
| Respondent, | |
| v. | ORDER |
| JOSHUA LANDON KLIPP, | |
| Movant. | |

Movant is a federal prisoner, proceeding pro so with a motion under 28 U.S.C. § 2255. On September 9, 2020, the undersigned recommended that the motion be denied. Since then, movant has been granted four extensions of time in which to file objections. On February 22, 2021, renewed his motion for stay. Movant states that since his transfer to FCI Coleman I, he has not received his property, personal or legal. Movant asks the court to send him copies of various documents and to identify or hire a paralegal to help movant review discovery in this case. Movant has also been in quarantine due to the COVID-19 pandemic.

"District courts have the discretion to stay proceedings pending before them." Patton v. DePuy Orthopaedics, Inc., 2019 WL 851933, at *3 (C.D. Cal. Feb. 21, 2019) (citing Landis v. N.A. Co., 299 U.S. 248, 254-55 (1936), and Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005)); see also Confederated Tribes & Bands of Yakama Nation v. Airgas USA, LLC, 435 F. Supp. 3d 1103, 1127 (D. Or. 2019) ("This court has the inherent power to control its docket to

'promote economy of time and effort for itself, for counsel, and for litigants.'") (citation omitted). In deciding whether to grant a party's motion to stay, courts in this circuit typically consider the following three factors: "(1) [the] potential prejudice to the non-moving party; (2) [the] hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation[.]" DePuy, 2019 WL 851933, at *3 (internal quotations and citation omitted).

Initially, the court observes it has no authority to identify or hire paralegals to assist litigants. Movant's prior request for the appointment of counsel was denied on September 14, 2020. The undersigned does not find the appointment of counsel or paralegals to be appropriate for the same reasons expressed in such order. (ECF No. 149.) As for copies of court documents, movant's in forma pauperis status does not entitle movant to free photocopies from the court. The Clerk's Office will provide copies of documents and of the docket sheet at $0.50 per page. Checks in the exact amount are made payable to "Clerk, USDC." Copies of documents may also be obtained by printing from the public terminals at the Clerk's Office, or by contacting Cal Legal Support Group at 3104 "O" Street, Suite 291, Sacramento, CA  95816, phone 916-822-2030, fax 916-400-4948.

Movant has now confirmed that his property has not yet arrived at FCI Coleman I. Moreover, a January 2021 report filed by the Office of the Inspector General, Department of Justice, confirms that as of January 3, 2021, "833 inmates at FCC Coleman had tested positive for COVID-19 and 5 inmates had died." Id.[1] The hardship and inequity to movant if the § 2255 motion is not stayed is high; the findings and recommendations are lengthy and movant is entitled to a reasonable opportunity in which to file objections. Because movant was transferred he does not have access to his legal materials, and is unable to do so. Such deprivation is compounded by the current pandemic and his quarantine. In light of the procedural posture of this case, in addition to the delay already incurred, the undersigned finds that the respondent would not be

---

[1] "Remote Inspection of Federal Correctional Complex Coleman," Pandemic Response Report, January 2021, accessed March 3, 2021 < https://oig.justice.gov/sites/default/files/reports/21-026.pdf>. FCI Coleman is part of the Federal Correctional Complex Coleman ("FCC").

prejudiced by a stay of this action, and judicial resources would be spared by granting the stay. Accordingly, the court finds good cause to impose a stay of the pending § 2255 motion and findings and recommendations.[2]

Movant is reminded that even during the stay of this motion, he is responsible to keep the court apprised of his current address at all times. Local Rule 182(f). Movant is cautioned that this court does not have jurisdiction over his conditions of confinement in a federal prison. If movant has issues concerning housing, transfers, cellmates, or other conditions of confinement, he must address such issues with prison authorities or file an appropriate pleading in the appropriate court. Finally, in his last letter, movant appears to ask the court to have Megan and Alex (ostensibly at the Federal Defender's Office) to take action on movant's behalf. (ECF No. 170.) Movant is advised that he must contact such persons on his own; this court is not a conduit for movant's communications with counsel or other individuals.[3]

In an abundance of caution, and the increasing availability of vaccinations for the COVID-19 virus, the undersigned will stay this action for four months. Either party may move to dissolve the stay sooner if changed circumstances so warrant. Movant is well-advised to continue preparation of his objections as soon as he receives his property. Upon the expiration of the four month stay, the court will lift the stay and provide movant with a new deadline to file objections.

Accordingly, IT IS HEREBY ORDERED that:

1. Movant's motion for stay (ECF No. 169) is granted;

2. Movant's motion for the identification or hiring of a paralegal (ECF No. 169) and photocopies is denied;

---

[2] "[A] motion to stay is nondispositive where it '[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought.'" James v. Ariz. Dep't of Corrs., 2019 WL 7494660, at *2 (D. Ariz. Aug. 14, 2019) (quoting S.E.C. v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013)). The motion to stay does not dispose of any claims or defenses and does not effectively deny any ultimate relief. Thus, the undersigned may resolve the motion to stay by order without full consent to the jurisdiction of a U.S. Magistrate Judge. 28 U.S.C. § 636(c).

[3] The address for the Sacramento office of the Federal Defender is 801 I Street, Sacramento, CA 95814.

      3. The motion under 28 U.S.C. § 2255 and the pending findings and recommendations are stayed for four months.

      4. Movant shall keep the court apprised of his current address at all times, even during the stay.  Local Rule 182(f).

Dated:  March 4, 2021

                                              KENDALL J. NEWMAN
                                              UNITED STATES MAGISTRATE JUDGE

/klip0107.sty