UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA LANDON KLIPP,<br><br>Defendants. | No. 2:14-cr-00107-TLN-KJN<br><br><br><br>**ORDER** |

This matter is before the Court on remand from the United States Court of Appeals for the Ninth Circuit. On August 18, 2022, the Ninth Circuit issued an order remanding this case to this Court with instruction to consider Defendant Joshua Landon Klipp's ("Defendant") motion for reconsideration on the merits. (ECF No. 206.) The Ninth Circuit noted that this Court may treat the magistrate judge's May 31, 2022, order as findings and recommendations. The Court proceeds accordingly.

On March 10, 2022, the Court adopted the magistrate judge's September 9, 2020, findings and recommendation in full, denying Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and denying Defendant's motion for appointment of counsel. (ECF No. 199.) The Court also declined to issue the certificate of appealability referenced in the 28 U.S.C. § 2255 motion. (*Id.*) On May 10, 2022, Defendant filed a motion for

1

reconsideration of this Court's March 10, 2022, order. (ECF No. 201.) On May 31, 2022, the magistrate judge issued an order denying Defendant's motion for reconsideration. (ECF No. 202.) As the Ninth Circuit notes, the magistrate judge did not have the authority to deny Defendant's motion. Pursuant to the Ninth Circuit's remand order, this Court construes the magistrate judge's May 31, 2022, order as findings and recommendations. On February 10, 2023, Defendant timely filed objections to the findings and recommendations. (ECF No. 209.)

The Court reviews de novo those portions of the proposed findings of fact to which an objection has been made. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981); *see also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009). As to any portion of the proposed findings of fact to which no objection has been made, the Court assumes its correctness and decides the matter on the applicable law. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

The Court has thoroughly reviewed Defendant's motion, the magistrate judge's findings and recommendations, Defendant's objections to the findings and recommendations, all relevant filings in the record, and the applicable legal standards. Based on this review and good cause appearing, the Court concludes it is appropriate to adopt the findings and recommendations in full and does so here.

Additionally, the Ninth Circuit's remand requires this Court to determine whether a certificate of appealability should issue in the instant case. (ECF No. 206.) The Court declines to issue a certificate of appealability. A certificate of appealability "should only issue for the appeal arising from the denial of a Rule 60(b) motion in a [§] 2255 proceeding if the movant shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying [§] 2255 motion states a valid claim of the denial of a constitutional right." *United States v. Winkles*, 795 F.3d 1134, 1143 (9th Cir. 2015). Should the Court determine that a certificate of appealability should issue, it must indicate which issues satisfy the required showing

2

or state the reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997); *see also* Fed. R. App. P. 22(b).

After reviewing Defendant's motion for reconsideration, the Court finds a jurist of reason could not find it debatable whether a denial of the motion constitutes an abuse of discretion.  The motion is premised on an alleged delay in receipt of Defendant's legal mail.  (ECF No. 201.)  Defendant argues that this delay resulted in his inability to timely file objections to the magistrate judge's initial findings and recommendations (ECF No. 147), depriving him of his right to be heard.  (ECF No. 201 at 5.)  This argument is unpersuasive and belied by the multiple extensions of time provided to Defendant by the Court to file his objections from September of 2020, through December of 2021.  (*See* ECF No. 202 (discussing multiple extensions and contradictory filings).)  A jurist of reason could not find that Defendant's alleged issues regarding timeliness of his legal mail deprived him of his ability to file his objections under these circumstances.

The Court further finds Defendant's underlying § 2255 motion does not state a valid claim of the denial of a constitutional right and a jurist of reason could not find this debatable.  As discussed at length in the findings and recommendation (ECF No. 146), adopted in full by the Court (ECF No. 199), the record in this case does not support any of Defendant's § 2255 claims under applicable law.  Defendant's three pre-change of plea ineffective assistance of counsel claims, claim of fraud by the United States Government in the plea agreement, and two further ineffective assistance of counsel claims regarding representation during his plea hearing are all unavailing and fail as a matter of law.  (*Id.*)  For these reasons, this Court finds Defendant is not entitled to a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(3); *Winkles*, 795 F.3d at 1143.

///
///
///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that:

1. The magistrate judge's May 31, 2022, order (ECF No. 202) is construed as findings and recommendations;
2. The findings and recommendations (ECF No. 202) are ADOPTED IN FULL;
3. Defendant's motion for reconsideration and appointment of counsel (ECF No. 201) is DENIED; and
4. The Court declines to grant a certificate of appealability.

**DATED: March 1, 2023**

Troy L. Nunley
United States District Judge

4